# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| SHANA MCCARTY | CIVIL CASE NO. 3:20-CV-00843 |
| V. | JUDGE TERRY A. DOUGHTY |
| WAL-MART LOUISIANA, LLC, ET AL | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

Pending before this Court is a Motion for Summary Judgment [Doc. No. 13] filed by Defendants Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc. (collectively referred to as "Wal-Mart"). The Plaintiff Shana McCarty ("McCarty") filed an Opposition [Doc. No. 15] on December 17, 2020. Wal-Mart filed a Reply [Doc. No. 16] on December 23, 2020. For the reasons set forth herein, Wal-Mart's Motion for Summary Judgment is DENIED.

### I. BACKGROUND

This claim for damages arises out of a May 1, 2019 slip and fall by McCarty at the Wal-Mart store on Glenwood Drive in West Monroe, Louisiana. McCarty contends she slipped and fell on an ICEE substance near an ICEE machine at the front of the store near restrooms and the service desk. This suit was originally filed in the Fourth Judicial District Court, Ouachita Parish and was removed to this Court pursuant to a Notice of Removal [Doc. No.1] filed on July 2, 2020.

Wal-Mart maintains it is entitled to summary judgment because McCarty is unable to prove Wal-Mart either created the condition or had actual or constructive notice of the condition (spilled ICEE substance) which caused the fall prior to the occurrence in accordance with La. R.S. 9:2800.6.

## II. SUMMARY JUDGMENT STANDARD

### A. Standard of Review

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both

parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

**III.    LAW AND ANALYSIS**

A merchant owes a duty to persons who use its premises to exercise reasonable care to keep his aisles, passageways and floors in a reasonably safe condition. La. R.S. 9:2800.6A.

In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages, as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1)  The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2)  The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. La. R.S. 9:2800.6B.

"Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. La. R.S. 9:2800.6C(1).

Wal-Mart maintains McCarty is unable to establish that prior to the accident, Defendants either created, or had notice of the condition of the floor giving rise to the fall. Defendants argue that McCarty did not know how the substance got on the floor and, did not know if anyone from Wal-Mart knew the substance was on the floor prior to her fall.

The deposition excerpts of McCarty [Doc. No. 15, Exh. 4 and Doc. No. 13, Exh. 4] show that after exiting the restroom, while on her way to the Wal-Mart Service Desk, McCarty slipped and fell in red ICEE that was on the floor. The red ICEE was in front of the ICEE machine. McCarty did not know how the ICEE got on the floor or how long it had been there prior to her fall.

The Affidavit of Sheila Buffington [Doc. No. 15, Exh. 3] states that she was present at the Wal-Mart location on May 1, 2019, when McCarty fell and noticed a red liquid in front of the ICEE machine where McCarty fell.

Several photographs [Doc. No. 13, Exh. 5], taken by a Wal-Mart employee shortly after the fall, show the area of McCarty's fall and does show a red liquid substance on the floor just off the carpet in front of the ICEE machine.

Also attached as a Manual Attachment [Doc. No. 13-6, Exh. D] is a Wal-Mart surveillance video which shows what occurred both before and after the fall. This Court has reviewed the video.

From a review of the video and from arguments contained in the briefs, the video shows the following relevant sequence:

| | | |
|---|---|---|
| 6:14:55 pm | - | a child spills an ICEE drink into a shopping cart (in the exact area McCarty fell) |
| 6:15:04 pm | - | a Wal-Mart employee walks only a few steps from the spill |
| 6:15:09 pm | - | after the spill, the mother of the child who spilled the ICEE refills the child's cup |
| 6:15:35 pm | - | the child's mother deposits the spill-related debris in the trash and leave |
| 6:18:09 pm | - | McCarty falls at area in front of the ICEE machine (cannot see the spill in the video). |

In a negligence action against a merchant for damages resulting from a slip and fall, in accordance with La. R.S. 9:2800.6, the plaintiff must show (1) the condition presented an unreasonable risk of harm to the claimant and that the risk of harm was reasonably foreseeable (2) that the merchant either created or had actual or constructive knowledge of the condition which caused the damage prior to the occurrence; and (3) that the merchant failed to exercise reasonable care. *Allen v. Wal-Mart Stores, Inc.* 850 So. 2d 895, 847, (La. App. 2nd Cir. 2003).

"Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. La. R.S. 9:2800.6(C)(1).

Courts will not infer constructive notice. The claimant must make a positive showing of the existence of the condition prior to the fall and that it existed for some period of time. Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is a question of fact. *White v. Wal-Mart Louisiana, LLC*, 2018 WL 3463282 (WD La. 2018).

5

Wal-Mart argues that non-definitive video surveillance evidence does not satisfy the plaintiff's burden of proving constructive notice, citing *Taylor v. Wal-Mart Stores, Inc.* 464 Fed. Appx. 337, 339. (5th Cir. 2012). In *Taylor*, plaintiff slipped and fell as a result of a wet substance on the floor near the check-out stations. The video surveillance did not show the wet substance. About 13 minutes prior to Taylor's fall, the video showed a customer shuffle her feet in the area where Taylor fell. Taylor argued that this created an issue of fact revealing constructive notice. The appellate court affirmed the district court, and found Taylor failed to prove constructive notice stating the video was speculative regarding the wet spot and did not show someone or something creating the wet substance.

A review of the video [Doc. No. 13-6, Exhibit D] in this case shows McCarty has positive evidence of a child spilling an ICEE in the location she fell a little over three minutes prior to her fall. Although unable to see the spill in the video, it is quite evident a spill occurred in that exact location. The video also shows a Wal-Mart employee walking by less than 10 seconds after the spill.

The video evidence creates an issue of material fact as to whether Wal-Mart had constructive knowledge of the spill.

### IV.   CONCLUSION

For the reasons set forth herein, the Motion for Summary Judgment filed by Defendants' Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc. [Doc. No. 13] is DENIED.

MONROE, LOUISIANA this 7th day of January, 2021.

                                                                   _____
                                                                   TERRY A. DOUGHTY
                                                                   UNITED STATES DISTRICT COURT